# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

LAURA A. JENNINGS,          )
                                   )
               Plaintiff,    )
                                   )
vs.                         )         1:11-cv-1457-SEB-DML
                                   )
LEON E. PANETTA, Secretary,   )
  Department of Defense,      )
                                   )
              Defendant.  )

## Entry Discussing Motion for Summary Judgment

This lawsuit is brought by Laura Jennings pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Jennings alleges that her employment with the Defense Finance and Accounting Service ("DFAS") was terminated in retaliation for filing an EEOC complaint.

In an action such as this, the Secretary of the Department of Defense ("Secretary"), named in his official capacity only, is the proper defendant. The Secretary seeks resolution of Jennings' claim through the entry of summary judgment. Jennings has not responded to that motion, despite her opportunity to do so.

Having considered the pleadings, the motion for summary judgment, and the evidentiary record, and being duly advised, the court finds that the motion for summary judgment must be granted. This conclusion rests on the following facts and circumstances:

1.     Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

If no reasonable jury could find for the non-moving party, then there is no Αgenuine@ dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

a. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Harris*, 127 S. Ct. at 1776 (*quoting Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986) (footnote omitted).

b. Once a properly supported motion for summary judgment is filed, "[i]t is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered." *Liberles v. Cnty. of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983); *see also Domka v. Portage Cnty.,* 523 F.3d 776, 783 (7th Cir. 2008). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). The non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

c. When no opposition to a properly supported motion for summary judgment is made, moreover, the moving party's assertions of fact may be accepted as true for the purpose of acting on the motion. That is the situation here, where Jennings has not responded to the motion for summary judgment. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see also Yancick v. Hanna Steel Corp.,* 653 F.3d 532 (7th Cir. 2011); *Wackett v. City of Beaver Dam,* 642 F.3d 578, 582 n.1 (7th Cir. 2011). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

2.    The following statement of undisputed material facts is based on the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Jennings as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

a.    Jennings was employed for a period of time as a Contact Representative with the DFAS in Indianapolis. On November 19, 2010, Jennings' employment with the DFAS was terminated during her probationary period.

b.    On or about May 27, 2011, Jennings contacted the Office of Equal Opportunity Programs ("OEOP") regarding her allegations of discrimination concerning her removal from her position as a contact representative. On June 29, 2011, the Equal Employment Opportunity ("EEO") Counselor issued a notice of right to file a formal EEO complaint to Jennings and to her attorney representative. On July 7, 2011, Jennings filed her formal EEO administrative claim, alleging retaliation in connection with her removal. On July 15, 2011, the OEOP issued its Final Agency Decision ("FAD") finding that Jennings was untimely with her claims in that she did not contact the EEO counselor within 45 days of her termination as required by 29 C.F.R. § 1614.107(a)(2) and that she failed to state a claim with regards to her unemployment benefits.

c.    Jennings had the right to appeal the FAD to the Equal Employment Opportunity Commission ("EEOC") within 30 calendar days of the date that she received the decision; alternatively, she could file a civil action with the district court within 90 calendar days of her receipt of the decision. On July 19, 2011, Jennings appealed the FAD issued in Agency No. DFAS-00081-2011 to the EEOC Office of Federal Operations ("OFO".) That appeal, docketed as Agency No. DFAS-00081-2011, is currently pending before the OFO.

d.    On November 1, 2011, less than 180 days after she had filed her appeal to the OFO, Jennings filed this lawsuit concerning Agency No. DFAS-00081-2011.

3.    The Secretary filed his motion for summary judgment on February 21, 2012. As noted, Jennings has not responded to such motion.

4.    A plaintiff in a Title VII action must exhaust her administrative remedies before bringing an action in federal court. *See, e.g., Gibson v. West,* 201 F.3d 990, 993 (7th Cir. 2000). This means that when a Title VII plaintiff has filed an

appeal of an FAD to the OFO, she may file a lawsuit in federal court either "within 90 days of receipt of the final decision on the appeal" or "after 180 days from the date of filing an appeal . . . if there has been no final decision." 29 C.F.R. § 1614.407. In other words, before filing suit the plaintiff must wait for a decision on the appeal or 180 days after filing the appeal to pass.

5.      Here, Jennings filed her appeal on July 19, 2011. Because she filed an appeal with the OFO and the OFO had not issued its final decision, she was restricted from filing suit until 180 days after she filed her appeal, or until January 19, 2012, at the earliest. Instead, she filed this lawsuit on November 1, 2011. By not waiting to file this lawsuit until the administrative process was complete, Jennings failed to exhaust her administrative remedies and the action must be dismissed. *See Hill v. Potter*, 352 F.3d 1142, 1146 (7th Cir. 2003)

6.      "[S]ummary judgment is appropriate-in fact, is mandated-where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir.1994) (citations and quotation marks omitted). Because Jennings failed to exhaust her administrative remedies before filing this lawsuit, the Secretary's motion for summary judgment [12] is **granted.** Judgment dismissing the action without prejudice shall now issue.

         **IT IS SO ORDERED.**


Date: 04/05/2012                                                    _Sarah Evans Barker_____
_____                              SARAH EVANS BARKER, JUDGE
                                                                United States District Court
                                                                Southern District of Indiana